In Re Complaint as to the Conduct of
DAVID R. PAXTON, *Accused.*
(SC 25425)
572 P2d 1032

J. Ray Rhoten, of Rhoten, Rhoten & Speerstra, Salem, argued the cause and filed the briefs for the accused.

Jerome L. Noble, of Hayter, Shetterly, Noble & Weiser, Dallas, and Scott McArthur of McArthur, Horner & Jennings, P.C., Monmouth, argued the cause and filed the brief for the Oregon State Bar.

PER CURIAM.

## PER CURIAM.

By this disciplinary proceeding the accused, who has practiced law in Newberg since 1972, is charged by the Oregon State Bar with:

(1) Receiving checks payable to an estate for which he was the attorney and placing them in his file instead of remitting them to the personal representative of the estate within any reasonable time, despite demands by the personal representative to do so;

(2) Depositing estate money in his trust fund and failing to account for it to the personal representative or to the attorney for the successor to that personal representative;

(3) Failing to respond to telephone and letter inquiries from creditors, debtors and the personal representative of the estate or to deliver the files, records and other documents of the estate to the attorney who succeeded the accused as attorney for the estate or to make necessary arrangements for payment of a mortgage debt owed by the estate, resulting in foreclosure proceedings;

(4) Failing to cash checks received in payment of monthly installments from the sale of property owned by a client or to turn them over to or to account for them to his client and failing to take steps to clear title to the property, causing unnecessary delay in the closing of the sale and requiring his client to engage another lawyer to complete the transaction;

(5) Failing and refusing to respond to letters from the Oregon State Bar concerning these matters or to cooperate in an investigation and resolution of them.

The Trial Board found that the facts as alleged in Counts 1, 3, 4 and 5 were true, but that the accused did not fail or refuse to account for the money which was the subject of Count 2. It recommended a public reprimand. The Disciplinary Review Board unanimously concurred in the findings of the Trial Board,

but was unable to agree upon a recommendation for discipline: two members recommending a public reprimand and two members recommending a 30-day suspension.

A review of the record in this case reveals a "pattern of conduct" by the accused in that when he undertook a task on behalf of a client he did some initial work and then ceased the continuation of such work, failed to answer inquiries, failed to give reasonable excuses for his failure to perform such work and failed to complete the matters undertaken by him for his clients within a reasonable time.

The most serious problem resulting from this "pattern of conduct" by the accused related to property of an estate which was subject to a mortgage held by a bank. All income from the estate came to the accused, who did not remit it to the personal representative. Although warned by repeated telephone calls from the bank, the accused took no action to make payments due under the mortgage. This resulted in a suit for foreclosure being filed against the estate. That suit was dismissed only after the accused made payments from funds of the estate held by him. Also serious were the problems resulting from the conduct of the accused in the handling of the sale of property owned by another client, who was finally required to engage another lawyer to complete the transaction.

The accused does not question the findings of fact by the trial committee, but contends that his misconduct was not so serious or of such a nature as to justify suspension from the practice of law for any period.

In our opinion, the misconduct of this accused was of such a serious nature as to require more than a public reprimand. We do not believe, however, that such misconduct was so serious or of such a nature as to require suspension from the practice of law, a penalty normally imposed in cases involving serious misconduct reflecting upon the moral integrity of the accused.

We believe that it is more appropriate under the facts and circumstances of this case to not only reprimand the accused for his misconduct, but to place him on probation for a period of one year, beginning January 1, 1978. The conditions of such probation shall be that there be no repetition of such misconduct during the year 1978 and that on the last day of each month of that year, beginning on January 31, 1978, and ending on December 31, 1978, the accused shall mail a written report under oath to the General Counsel of the Oregon State Bar which shall include the following:

(1) A statement that as of that date there are no unanswered letters from any client relating to any matters being handled by the accused on behalf of any client, or, if this be not true, an explanation why any such letters have not been answered;

(2) A statement that as of that date no moneys are being held by the accused on behalf of clients or in decedents' estates being handled by the accused which should have been paid to such clients or which should have been disbursed in the handling of such estates or, if this be not true, an explanation why such has not been done;

(3) A statement that defendant has filed all pleadings or other documents required to be filed and has taken all steps required to be taken as of that date in all cases then pending in any court in which the accused is an attorney of record, including, but not limited to, all decedents' estates, or, if this be not true, an explanation why such has not been done.

The General Counsel of the Oregon State Bar shall promptly report any violations of the foregoing conditions of probation to this court for consideration of further appropriate proceedings.

Accused reprimanded and placed on probation for a period of one year.