Submitted on record January 11, accused reprimanded February 8, 1978

In re Complaint as to the conduct of
R. DALE KNEELAND, *Accused.*

574 P2d 324

No appearances.

PER CURIAM.

**PER CURIAM.**

This is a disciplinary proceeding by the Oregon State Bar. The charges alleged in the complaint against the accused all involve conduct which, at best, may be described as being dilatory to an extreme degree in responding to proper requests by his clients and also requests by the Oregon State Bar relating to complaints by clients.

The most serious charge involved a request by a client to the accused by letter dated October 6, 1976, asking the accused to deliver her file to her "as soon as possible" and, at the same time, terminating the accused as her attorney. After waiting for over three weeks for the delivery of her file, the client sent a letter of complaint to the Oregon State Bar dated October 28, 1976.

The Oregon State Bar sent a letter to the accused dated November 4, 1976, asking for information with respect to that complaint. After receiving no response for two weeks, the Oregon State Bar sent another letter to the accused dated November 19, 1976, informing him that the matter would be referred to a grievance committee unless a reply was received within 10 days.

Finally, on November 24, 1976, the accused delivered the file to his client, who notified the Oregon State Bar of its receipt and also wrote to the accused, thanking him for his services. On November 27, 1976, the accused responded to the "ten-day" letter from the Oregon State Bar.

The explanation given by the accused for his failure to deliver the file to his client when requested by her, as alleged in his answer to the complaint of the Oregon State Bar in these proceedings, is that he did not do so "until November 26, 1976, because of expectation that she would reconsider in view of prior relationship. After she made the complaint to the Oregon State Bar

[ 319 ]

the accused abandoned that hope and did deliver her entire file to her."

The Trial Committee took the view that conduct of the accused had not been proved to be "unethical" and recommended that no disciplinary action be taken. The Disciplinary Review Board took a more serious view of the conduct of the accused.

The Disciplinary Review Board expressed the opinion in its decision and recommendation that the foregoing explanation by the accused is "inadequate" for the following reasons:

"A client who has elected to fire an attorney, subject to the attorney's statutory lien rights, should have prompt, if not immediate, access to his or her files and materials. Frequently, in such situations, time will be a critical factor and the attorney affected should respond immediately. A delay of 49 days, as in this case, is unacceptable. We also note in passing that Mr. Kneeland did not respond to the letter of the Oregon State Bar mailed to him on October 4 [sic], 1976, until after he had received the ten-day demand letter mailed on November 19. His response was then made on November 27, an interval of over three weeks from the first letter which in these circumstances is not an adequate professional response to a matter of such importance."

That board also in its decision discusses and disapproves the dilatory practice of the accused in responding to inquiries by other clients and concludes with the recommendation that "a letter of admonition would be appropriate and adequate in this case but, if unavailable, that a public reprimand is required.

■ The filing by the Oregon State Bar with this court of a file in a disciplinary proceeding including, among other things, the complaint against an accused, his answer to that complaint, the record of the proceedings before a trial board, its findings and recommendations, and the decision and recommendations of the Disciplinary Review Board, is a matter of public record. It follows that any decision or other action by this court in such a matter must also necessarily be a

matter of public record, as is the disposition of any other contested proceeding in this court. It also follows that it would not be appropriate for this court to dispose of any such proceeding by private "letter of admonition."

██ If the Oregon State Bar has failed to prove its case against an accused, any such case must be dismissed. If, however, the record shows that the conduct of an accused was in violation of the Code of Professional Responsibility as adopted by this court and approved by the Oregon State Bar, it is our duty to discipline the accused in some appropriate manner, which may include disbarment, suspension, probation or public reprimand.

Disciplinary Rule 6-101, "Failing to Act Competently," provides that "[a] lawyer shall not * * * (3) [n]eglect a legal matter entrusted to him." Disciplinary Rule 9-102(B) provides that "[a] lawyer shall:
"* * * * *

"(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

The "Ethical Considerations" under DR 9 include the following:
"* * * A lawyer should promote public confidence in our system and in the legal profession.

"Public confidence in law and lawyers may be eroded by irresponsible or improper conduct of a lawyer. * * *"

█ The failure of the accused in this case to promptly deliver to a client, on request, the property belonging to the client, as included in the file of the attorney, is conduct which violated the requirements of DR 9-102(B), if not also DR 6-101. No contention is made by this accused that the file requested by his client did not constitute or include property belonging to her and which she was entitled to have delivered to her. The conduct of the accused was also in violation of the duty of all lawyers to avoid such conduct as will tend to

[ 321 ]

erode public confidence in the law and in lawyers. This court has previously had occasion to express its disapproval of inexcusable delay by an attorney in responding to requests by clients and by the Oregon State Bar, although in a context which also included more serious misconduct. *In re Reinmiller,* 213 Or 680, 702, 325 P2d 773 (1958). *See also In re Paxton,* 280 Or 797, 572 P2d 1032 (1977).

It also appears from the record that this was not an isolated instance of a failure by the accused to respond promptly to requests by clients and attempts by them to communicate with him or of his failure to respond promptly to requests for information by the Oregon State Bar relating to complaints by clients.

For reasons previously stated, we express our disapproval of such conduct. Our opinion in this proceeding shall constitute a public reprimand to the accused for such conduct.

Accused reprimanded.